```
                               UNITED STATES DISTRICT COURT
                               SOUTHERN DISTRICT OF FLORIDA

                               CASE NO. 06-22957-CIV-HIGHSMITH
                               MAGISTRATE JUDGE P. A. WHITE
```

JUAN B. FERNANDEZ,                    :

    Plaintiff,                    :

v.                                    :        REPORT OF
                                               MAGISTRATE JUDGE
METRO DADE POLICE DEPARTMENT,         :
ET AL.,
                                      :
    Defendants.
_____        :

## I. Introduction

This Cause is before the Court upon the plaintiff's proposed Fifth Amended Complaint [DE# 57], filed without a motion to amend, and the defendants' Motion to Strike Amended Complaint [DE# 60].

On February 5, 2007, Juan Brinis Fernandez, currently incarcerated at the Walton Correctional Institution, filed an amended pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 9]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 4]. After screening the Amended Complaint, the Court permitted this case to proceed against (1) Metro-Dade[1] Police Officer Radames Perez and (2) Metro-Dade Police Officer Noel Rodriguez on two sets of claims: the defendants engaged in brutality in the course of his February 4, 2006 arrest; and the defendants engaged in malicious prosecution by charging him with battery on a law enforcement officer, a charge later dismissed.[2]

---

[1] The Metro-Dade Police Department no longer exists, and is now the "Miami-Dade Police Department." The Miami-Dade Police Department is a subdivision of Miami-Dade County, and has police jurisdiction in the unincorporated areas of Miami-Dade County.

[2] The "Metro-Dade Police Department" is erroneously identified as a defendant on the Court's docket. This entity is identified in

The plaintiff seeks monetary damages.[3] [DE# 11, Order adopting recommendations of Magistrate Judge's Preliminary Report].

The plaintiff filed an Second Amended Complaint seeking to add two defendants: Metro-Dade Police Officers Sergeant Roberto Perez and Wever (K-9 Trainer). [DE# 26]. The Undersigned issued a Report recommending that the Second Amended Complaint proceed only insofar as it raises a claim of denial of medical care under the Fourteenth Amendment against Sergeant Roberto Perez, and only in his individual capacity. [DE# 31]. The Honorable Shelby Highsmith issued an Order adopting these recommendations. [DE# 44].

The plaintiff then filed a Motion to File a Fourth Amended Complaint and proposed Fourth Amended Complaint, in which he sought to add two new defendants, Metro-Dade Police Chief Robert L. Parker and Mayor Carlos Alvarez, in their individual and official capacities. [DE# 37]. In the Fourth Amended Complaint, the plaintiff alleged that Parker has knowledge of the history attacks by Roberto Perez, Radames Perez and Noel Rodriguez but tolerates

---

the captions of the First and Second Amended Complaints simply to indicate the employer of the defendant police officers. No allegations of constitutional wrongdoing are raised against the Police Department in either pleading. This entity is not a defendant in this civil action. In any event, in Section 1983 actions, police departments cannot be sued, because a police department is merely an administrative arm of the local municipality, and is not a separate judicial entity. Eddy v. City of Miami, 715 F.Supp. 1553 (S.D.Fla.1989); DeBellis v. Kulp , 166 F.Supp.2d 255, 264 (E.D.Pa.2001). The Metro-Dade Police Department is merely an arm of a municipality.

[3] The request for relief appears in the Complaint, and appears to have been inadvertently omitted from the First Amended Complaint. The request for relief is included in the Second Amended Complaint. In deference to the plaintiff's pro se status, the Court has determined that the request for relief in the Second Amended Complaint is part of the Operative Complaint. [DE# 41].

their actions.  He further alleged that Parker has permitted a custom or policy of documented police brutality to exist for more than eleven years and has engaged in negligent hiring, training and supervision of police officers.  The plaintiff also alleged that Miami-Dade Mayor Alvarez has "constructive knowledge" of the police misconduct but has failed to correct or stop such practices within the police department.  The Undersigned screened the Fourth Amended Complaint and found that the plaintiff had failed to state a claim against Parker or Alvarez in their individual capacities, and failed to state a cognizable Monell claim.  The Undersigned recommended that the Motion for Leave to File a Third Amended Complaint [DE# 35] be denied as moot; the Motion for Leave to File a Fourth Amended Complaint [DE# 36] be denied; and the Third Amended Complaint [DE# 34] and Fourth Amended [DE# 37] be dismissed. [DE# 41].  The Honorable Shelby Highsmith issued an Order adopting these recommendations. [DE# 44].

      The plaintiff has now submitted a Fifth Amended Complaint [DE# 57] which lists Radames Perez, Noel Rodriguez and Robert Perez as defendants, reiterates the same claims against these defendants, and appears to again attempt to raise a Monell claim by expanding his argument that Parker and Alvarez have failed to train their subordinates and have acted in accord with an unofficial custom and practice of permitting and encouraging police officers to use excessive force, supported by exhibits showing prior citizen complaints against the three officers.

      Leave of Court is required before the plaintiff may proceed on the Fifth Amended Complaint.  Fed.R.Civ.P. 15(a).  The Fifth Amendment Complaint will be liberally construed so as to include an implied motion to amend.  To determine whether the plaintiff should be granted leave to amend, the proposed amended complaint will be analyzed pursuant to 28 U.S.C. §1915.

II.  <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are

4

"indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).  The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide

5

the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The case is now proceeding on the following factual allegations. The plaintiff alleges that on February 4, 2006, Radames Perez and Rodriguez chased him, and he hid in a boat parked in a residential area. The plaintiff heard a dog barking, and called out to Officer Wever (who is not a defendant), the dog's handler, to hold the dog because he would surrender peacefully. At that point, Rodriguez placed him under arrest and handcuffed him, and then Officer Radames Perez kicked him four times in his face, causing massive bleeding to his nose and mouth, stepped on his face as he lay on the ground, stuck his thumb under his chin to the point where he almost fainted, and punched him in the head and ribs. He further alleges that Rodriguez escorted him to his police vehicle and slammed his face into the vehicle's trunk.

The plaintiff alleges that neither Rodriguez nor Wever attempted to intervene to stop Radames Perez's attack, and Wever turned around and walked away with the police dog. He claims that Radames Perez then called Sergeant Roberto Perez, who arrived at the scene. The plaintiff alleges that Roberto Perez observed that he needed medical attention, but did not call for any assistance and instead took him to the police station for questioning. He further alleges that Roberto Perez, Radames Perez and Rodriguez

made him wait several hours before they took him to a hospital for "massive bleeding."

In the Fifth Amended Complaint, the plaintiff raises the following allegations to support a Monell claim:

1. Mayor Carlos Alvarez and Police Chief Robert Parker jointly and severally had the legal duty for establishing, enforcing, directing, supervising and controlling policies, customs, practices, usages and procedures to be used by police officers.

2. Alvarez and Parker by various acts of omission and commission fostered and encouraged an atmosphere of lawlessness, anarchy, repression and a repetitive policy, custom and practice of aggressive, abusive and assaultive behavior and procedures toward individual detainees and arrestees.

3. Alvarez and Parker were aware of numerous complaints against the three defendant police officers, as demonstrated by accompanying exhibits, purportedly a record of citizen complaints.

4. Alvarez and Parker failed to adequately train and discipline the three defendant officers and failed to competently investigate citizen complaints against the officers.

5. Alvarez and Parker covered up illegal activity by, inter alia, commending subordinate officers.

6. Parker failed to implement a proper training program for police officers.

7.    Alvarez and Parker have maintained an unofficial policy of "kick/punch/strike" with regard to police officers for more than eleven years.

### Individual Capacity Claims

The plaintiff raises no additional factual or legal claims against the three defendant police officers, the only named defendants in the Fifth Amended Complaint and, accordingly, leave to amend as to these defendants should be denied. Additionally, the plaintiff has again failed to state a claim for relief against either Parker or Alvarez in their individual capacities. The plaintiff cannot include them as defendants in this action simply because they hold supervisory positions.  Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action.  Monell v. Department of Social Services, 436 U.S. 658 (1978);  Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993).

Under appropriate circumstances the failure to adequately train, supervise or discipline may give rise to a claim cognizable under §1983, see City of Canton, Ohio v. Harris, 489 U.S. 378 (1989). Mere conclusory allegations of failure to train, however, are not enough; and the courts have generally held that there is no affirmative constitutional duty on the part of a supervising public official to train, supervise, or discipline subordinates so as to prevent constitutional torts, except where the supervisor has contemporaneous knowledge of an offending incident or knowledge of a prior pattern of similar incidents, and circumstances under which the supervisor's inaction could be found to have communicated a

message of approval to the offending subordinate. See Chinchello v. Fenton, 805 F.2d 126, 133-34 (3 Cir. 1986). The Eleventh Circuit has held that nothing less than a showing of gross negligence is required to establish liability for inadequate training. Cannon v. Taylor, 782 F.2d 947, 951 (11 Cir. 1986).

Moreover, the courts have required that the plaintiff must "identify a deficiency in a training program closely related to the injury complained of and must further show that the injury would have been avoided 'under a program that was not deficient in the identified respect.'" Gordon v. Kidd, 971 F.2d 1087, 1097 (4 Cir. 1992) (quoting City of Canton, supra, 489 U.S. at 391). Finally, in order to recover on a claim of failure to train, the plaintiff must show 1) that the [supervisor] failed to train, 2) that a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and 3) that such failure to supervise or train amounted to gross negligence or deliberate indifference. Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5 Cir. 1986).

The plaintiff has not satisfied these requirements because he raises only unsupported and conclusory allegations of failure to supervise, discipline and train, which is insufficient to state a constitutional claim. The plaintiff does not allege facts that tend to show that there was any gross negligence or deliberate indifference on the part of either Alvarez or Parker that resulted in any deprivation of constitutional rights.

### Official Capacity Claims

A suit against either Parker or Alvarez in their official capacity is the same as a suit against Miami-Dade County. See

McMillian v. Monroe County, 520 U.S. 781, 785 n. 2 (1997).  As a municipality, pursuant to Florida law, Miami-Dade County is not insulated from suit in this case by sovereign immunity under the Eleventh Amendment.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) ("States are protected by the Eleventh Amendment while municipalities are not . . . .") (citing Monell v. Department of Social Services, 436 U.S. 658, 690 n. 54 (1978)).

Miami-Dade County cannot be vicariously liable under §1983 for the actions of its employees: "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell, 436 U.S. at 691; City of Canton v. Harris, 489 U.S. 378, 385 (1989).  Because merely employing a tortfeasor does not create liability, the plaintiff must prove his injury was inflicted pursuant to an "official policy" of the county.  In order to establish that a municipality is liable under §1983, a plaintiff must demonstrate the following: (1) the act was officially sanctioned or ordered by the municipality; or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county.  Grech v. Clayton County, 335 F.3d 1326, 1329 (11 Cir. 2003).

The plaintiff does not allege that there was any officially sanctioned act; he argues that Alvarez and Parker created and condoned an unofficial policy and custom of the use of excessive force by police officers.  Although the plaintiff couches his claim in terms of a "custom or policy," his factual allegations indicate a claim that the County (through Alvarez and Parker) "tolerated" the actions of the three police officers and failed to adequately hire, train, discipline and supervise them and other police officers.  The plaintiff attempts to support his argument that

these three officers had a history of using unnecessary force by submitting evidence of citizen complaints raised against them, but the submitted documents indicate the opposite: the citizen complaints of excessive force were investigated and were "not sustained."

Neither Alvarez nor Parker is a final policymaker for the county. The final policy making authority for Miami-Dade County rests solely with the Board of County Commissioners or the County Manager. See Rosario v. Miami-Dade County, 490 F.Supp.2d 1213, 1222 (S.D. Fla. 2007, Ungaro, J.); see also Wilson v. Miami-Dade, No. 04-23250, 2005 WL 3597737 at *8-*10 (S.D. Fla. Oct. 11, 2005) (Moore, J.) (granting motion to dismiss based on failure to plead that the Board or Manager were responsible for the alleged violations and holding that only the Board or Manager, and not the Director of the Police Department, could be final policymaker for the County); Buzzi v. Gomez, 62 F.Supp.2d 1344, 1359-1360 (S.D. Fla. 1999) (Gold, J.) (finding that the Miami-Dade County Police Department Director was not the final policymaker for the County); Moore v. Miami-Dade County, No. 06-22705, 2007 WL 2302481 (S.D.Fla. July 18, 2007)(Gold, J.); Lawrence v. Metro Dade County, 872 F.Supp. 957, 964 (S.D.Fla. 1994) (noting that the County Manager oversees the Police Department)). Accordingly, because the plaintiff has not alleged the existence of a custom or policy which caused a deprivation of his federal constitutional rights which was known and ratified by the County's final policymakers, his §1983 claim against Alvarez and Parker in their official capacity, tantamount to a claim against the county, fails to state a claim for relief under Monell and should be dismissed.

Even if the Mayor or Police Chief could be considered a final policymaker, the plaintiff has failed to state a Monell claim. The

basis for his §1983 claim against the county, although purportedly based on the existence of an unconstitutional unofficial policy or custom, is rather based on the alleged use of excessive force by subordinate police officers.  Despite the plaintiff's lengthy argument and exhibits, he has failed to raise any facts which show any unconstitutional activity beyond the alleged use of excessive force by the three defendant police officers.  He simply has not shown the requisite pattern of illegality necessary to state a viable Monell claim, nor has he shown that Alvarez, Parker or an actual county final policymaker had subjective knowledge of and failed to stop an unconstitutional practice that was "so pervasive as to be the functional equivalent of a formal policy." Grech, 335 F.3d 1330 n.6.

### III.  Recommendation

Based on the foregoing, it is recommended that the implied Motion for Leave to File a Fifth Amended Complaint be denied; the Fifth Amended Complaint [DE# 57] be dismissed; and the defendants' Motion to Strike [DE# 60] be granted.

It is so recommended at Miami, Florida, this 18th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Juan B. Fernandez, Pro Se
      DC# 395380
      Walton Correctional Institution
      691 World War II Veterans Lane
      DeFuniak Springs, FL 32433

      Dennis A. Kerbel, Esq.

```
Assistant Miami-Dade County Attorney
Stephen P. Clark Center
Suite 2810
111 N.W. 1st Street
Miami, FL 33128-1993
```