UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number:06-22957-CIV-MARTINEZ-WHITE**

JUAN B. FERNANDEZ,
    Plaintiff,

vs.

OFFICER RAMADES PEREZ, et. al.,
    Defendants.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE WHITE'S REPORTS

THE MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge for a Report on Plaintiff's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff Juan B. Fernandez ("Plaintiff" or "Fernandez") filed suit based on events that took place in February, 2006 when he was arrested.[1] This case remains pending against three Miami-Dade police officers: Officer Ramades Perez ("Ramades Perez"), Officer Noel Rodriguez ("Rodriguez"), and Sergeant Roberto Perez ("Roberto Perez") (collectively "Defendants"). The Magistrate Judge filed a Report on Defendants' Motion for Summary Judgment (D.E. No. 68), recommending that this motion be granted in part and denied in part.[2] Specifically, Magistrate Judge White recommends that the motion be granted as to Defendants Ramades Perez and Noel Rodriguez on Plaintiff's claim of arrest without probable cause, on his claim of malicious prosecution, and on his claim of excessive force, insofar as force was applied prior to and during handcuffing. Magistrate Judge White recommends that the motion be denied as to the claims

---

[1]Plaintiff was eventually convicted of three counts of burglary of an unoccupied dwelling, one count of resisting an officer without violence, and one count of possession of burglary tools.

[2]Magistrate Judge White has also filed a Report that this case is ready for trial. *See* (D.E. No. 94).

against Defendants Ramades Perez and Rodriguez for post-restraint use of force at the scene of Plaintiff's apprehension and against Defendant Roberto Perez for denial and or delay of access to medical care following Plaintiff's injury on arrest.

Defendants Radames Perez, Rodriguez and Robert Perez have objected to Magistrate Judge White's recommendation that their motion for summary judgment be denied in part. Defendants have also filed a motion to file supplemental declarations.  Specifically, Defendants want this Court to consider two additional declarations prepared in response to Magistrate Judge White's Report.  One declaration is from Defendant Robert Perez, which Defendants state clarifies the questions in Magistrate Judge White's Report related to timing, and the other declaration is from Dr. Richard Dellerson, an expert in emergency medicine, who states that based on his review of the medical records in the record and Plaintiff's booking photo that Plaintiff's statements "about the extent of his injuries is not compatible with either his booking photo or his medical records"(D.E. No. 99 at ¶ 10).  The Court has reviewed the entire file and record and notes that no other objections or relevant motions have been filed.  The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report present and it has reviewed the motion to supplement.  After careful consideration, the Court adopts Magistrate Judge White's well-reasoned Report and grants Defendants' motion to supplement.

In their objections Defendants challenge Magistrate Judge White's denial of summary judgment on the issue of post-restraint excessive force and on the issue of deliberate indifference to a serious medical need.  First, with respect to the post-restraint excessive force claim, Defendants acknowledge that Plaintiff has submitted Declarations that he was "savagely beaten." (D.E. No. 98 at 6).  They argue, however that "because Plaintiff's statements are contradicted by

his medical records and booking photo, and because Plaintiff relies on nothing else besides his own Declarations in support of his excessive force claim, this Court should grant summary judgment because no reasonable jury could credit Plaintiff's story in the face of such conflicting evidence." *Id*. This Court disagrees, finding a genuine issue of material fact remains and that the record does not demonstrate that no reasonable juror could believe Plaintiff's version of the events.

Specifically, in his Declaration in Opposition to Defendant's Motion for Summary Judgment (D.E. No. 75) ("Declaration"), Plaintiff states that

> 7. Officer Noel Rodriguez came over the fence and placed handcuffs on Plaintiff after laying him face down on the ground.
>
> 8. Officer Radames Perez came over the other fence and while running to the Plaintiff kicked four times in the face causing the Plaintiff to bleed at the nose and mouth. Officer Perez stepped on my face with all of his weight, punched my head and ribs and struck his thumb under my chin, causing so much pain that I almost fainted.
>
> 9. On the way from the back yard of the residence, Officer Noel Rodriguez punched to my ribs and back slammed my face to the trunks of the unmarked car, causing me to bleed again, but this time more like a hemorrhage. Both officers asked me to confess to burglaries.

(D.E. No. 75 at ¶¶ 7-9). The Court finds this evidence is sufficient to create a genuine issue of material fact regarding Defendants' use of excessive force. Neither Plaintiff's medical records, his booking photo, nor the opinion of Dr. Dellerman submitted as an attachment to Defendants' motion to supplement are so definitive on the issue of whether excessive force was applied to Plaintiff that the Court can find that no reasonable juror could find for Plaintiff. Thus, the Court adopts Magistrate Judge White's recommendation and denies Defendants' motion for summary judgment on Plaintiff's claim that Defendants Ramades Perez and Rodriguez employed excessive

force after he had already been restrained.[3]

Next, Defendants also object to Magistrate Judge White's denial of their motion for summary judgment on the claim asserted against Defendant Roberto Perez for denial or delay of access to medical care. Specifically, Defendants argue that Plaintiff has not demonstrated that Roberto Perez denied or delayed treatment for Plaintiff's *serious* medical need and based upon the medical records in this case, there is no question that any medical need Plaintiff had was not serious. After careful consideration, the Court finds that genuine issues of material fact remain as to this claim.

"In our circuit, a serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994) (quotation marks and citation omitted)). The medical need also must be "one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" *Taylor v. Adams*, 221 F. 3d 1254, 1258 (11th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Here, Plaintiff has stated in his Declaration that after the incident described above occurred, Defendant Roberto Perez "came and saw that . . . [he] was bleeding," however, "instead of calling for medical

---

[3]Defendants rely on *Scott v. Harris*, 550 U.S. 372 (2007) to argue that Plaintiff's version of the events on the night in question are so completely contradicted by the record evidence that their motion for summary judgment must be granted. The Court, however, finds the situation in *Scott,* where a videotape of the incident was in the record, and the videotape completely contradicted the plaintiff's version of the events at issue, is a different situation from the one at issue in this case. *See Scott*, 550 U.S. at 1775. Unlike the videotape in the record in *Scott*, there is no evidence in the record of this case that completely and definitively contradicts Plaintiff's version of the events on the night in question.

assistance . . . [the officers] took . . . [him] to the police station for questioning." (D.E. No. 75 at ¶ 10). He states that "his nose . . . [was] full of blood clogs [and] that . . . [he] was breathing by mouth." *Id*. at ¶ 22. He states that he suffered from a "huge bleeding" and also describes it as a "massive bleeding" *Id*. at ¶¶ 17, 23.[4] He states that at the police station he was in pain and disoriented "for about 9 hours" and that although he was arrested at 3:00 a.m., he was not taken to the hospital until 11:40 a.m. *Id*. at ¶¶ 11, 14.[5] Plaintiff also states that before he went to hospital he was instructed to "wash his face." *Id*. ¶ at 23. The Court finds that this evidence is sufficient to create a genuine issue of material fact as to whether Plaintiff was suffering from a serious medical need after his arrest. Neither Plaintiff's medical records,[6] his booking photo, nor the opinion of Dr. Dellerman submitted as an attachment to Defendants' motion to supplement are so definitive on the issue of whether Plaintiff was suffering from a serious medical need that the Court can find that no reasonable juror could find for Plaintiff. Thus, the Court adopts Magistrate Judge White's recommendation and denies Defendants' motion for summary judgment on Plaintiff's claim that Defendants Roberto Perez was deliberately indifferent to

---

[4]Defendants also reference a previous Declaration in Opposition to Defendants' Motion to Dismiss filed by Plaintiff and appear to interpret a statement made in this Declaration to mean that Plaintiff only bled for five minutes. In the statement at issue, Plaintiff states "Officer Perez and Rodriguez left me bleeding for more than five (5) minutes against the car trunk, until they called there Supervisor, Sgt. Robert Perez." (D.E. No. 22 at ¶ 16). In this statement, however, Plaintiff is not stating that he only bled for five minutes, rather, he is merely stating that he bled for over five minutes before the officers even called their supervisor. Plaintiff has stated in his Declaration in Opposition to Defendant's Motion for Summary Judgment that when Defendant Roberto Perez arrived, he was still bleeding. *See* (D.E. No. 75 at 10).

[5]The Court notes that Defendants do not dispute that they arrested Plaintiff at 3:00 a.m. and that they did not take him to the hospital until 11:40 a.m. *See* (D.E. No. 98 at 3 n.3).

[6]The Court specifically notes that it is undisputed that Plaintiff was examined at Jackson Memorial almost nine hours after the incident occurred.

Plaintiff's serious medical need.  Accordingly, it is hereby:

**ADJUDGED** that United States Magistrate Judge White's Report **(D.E. No. 93)** and United States Magistrate Judge White's Report that Case is Ready for Trial **(D.E. No. 94)** are **AFFIRMED** and **ADOPTED**.  Therefore, it is:

**ADJUDGED** that

1. Defendants' Motion for Summary Judgment **(D.E. No. 68)** is **GRANTED in part** and **DENIED in part**.  The motion is granted as to Defendants Ramades Perez and Noel Rodriguez on Plaintiff's claim of arrest without probable cause, on his claim of malicious prosecution, and on his claim of excessive force, insofar as force was applied prior to and during handcuffing.  The motion is denied as to the claims against Defendants Ramades Perez and Rodriguez for post-restraint use of excessive force at the scene of Plaintiff's apprehension and against Defendant Roberto Perez for denial and or delay of access to medical care following Plaintiff's injury on arrest. These claims upon which the Court has denied summary judgment shall proceed to trial.

2. Defendants' Motion for Leave to File Supplemental Declarations **(D.E. No. 99)** is **GRANTED**.  The motion is granted in that the Court considered Defendants' submissions and found that they do not alter Magistrate Judge White's recommendations.

3. This case will be set for trial in a separate order.

DONE AND ORDERED in Chambers at Miami, Florida, this 4 day of March, 2009.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge
All Counsel of Record
Juan B. Fernandez, pro se